*United States v. Browning*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2025

(Argued: September 30, 2025　　　Decided: August 6, 2026)

No. 24-2861

———————————————————

UNITED STATES OF AMERICA,

*Appellee,*

-v.-

KAREEM BROWNING,

*Defendant-Appellant.*

———————————————————

Before:　　　LIVINGSTON, NARDINI, and MENASHI, *Circuit Judges*.

Defendant-Appellant Kareem Browning appeals from an October 17, 2024, judgment of the United States District Court for the Eastern District of New York (Reyes, *J.*), convicting him of a single count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and sentencing him to a term of imprisonment of 72 months, to be followed by a 3-year term of supervised release.　The district court imposed a special condition of supervised release, which requires Browning to submit to searches of his person, property, residence, vehicle, and electronic communications upon reasonable suspicion of a violation of a condition of

supervision. On appeal, Browning challenges the electronic portion of the search condition. We reject his challenge and therefore **AFFIRM** the judgment of the district court.

FOR APPELLEE: SEAN FERN (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: ASHOK CHANDRAN, Federal Defenders of New York, Inc., New York, NY.

DEBRA ANN LIVINGSTON, *Circuit Judge*:

Defendant-Appellant Kareem Browning ("Browning") appeals from a judgment, entered on October 17, 2024, in the United States District Court for the Eastern District of New York (Reyes, *J.*), convicting him, after a guilty plea, of one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). Browning was sentenced to 72 months in prison and three years of supervised release. The court imposed a special condition of supervised release that requires Browning to submit to searches of his person, property, residence, vehicle, and electronic communications by the United States Probation Department ("Probation") upon reasonable suspicion that Browning violated a condition of supervision and that evidence of the violation exists in the area searched.

On appeal, Browning argues that the district court erred in imposing that

2

portion of the search condition that pertains to electronic communications because the district court neither made an individualized assessment as to the need to impose the condition nor adequately explained its reasons for imposing it. According to Browning, the district court's asserted procedural error is not harmless because its reasoning for imposing the challenged condition is not self-evident in the record. He contends, further, that the condition is substantively unreasonable. In particular, he argues that the fact that he possessed a weapon during the commission of his Hobbs Act robbery "doesn't justify the extraordinary intrusion into his privacy rights that comes with requiring him to submit all of his electronic devices and communications to search" upon reasonable suspicion during the period of his supervised release. Appellant's Br. at 6. We disagree with all of Browning's arguments and **AFFIRM** the judgment of the district court.

## I. BACKGROUND

On November 5, 2023, at about 9:40 p.m., while Browning was on supervision for prior criminal conduct, he and three co-conspirators—Bennie Johnson ("Johnson"), who is Browning's half-brother, and two unidentified individuals—robbed a smoke shop in Brooklyn, New York. The unidentified co-conspirators acted as lookouts while Browning and Johnson entered the store and

3

brandished firearms at the store clerk.[1]  Johnson jumped over the display case and physically restrained the clerk at gunpoint while Browning grabbed marijuana and marijuana-related products.  Seemingly unbeknownst to the robbers, the store clerk was able to use her Apple Watch to alert an associate that a robbery was in progress.  The associate called 911.  Two minutes later, police officers arrived on the scene, the two lookouts fled, and New York City Police Department ("NYPD") officers arrested Browning and Johnson, who by this time were in the store's basement in search of more lucrative loot.  During a later search of the basement, NYPD officers recovered two pistols: a Kel Tec 9mm pistol loaded with a magazine containing nine rounds of ammunition, and a Smith & Wesson 9mm pistol loaded with a magazine containing six rounds of ammunition, with one round in the chamber.

On February 9, 2024, Browning pleaded guilty to an information, charging him with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a).

Three months later, the Probation Department prepared a Presentence Investigation Report ("PSR").  Probation described Browning's offense conduct

---

[1] Browning, who had prior felony convictions, could not lawfully possess a firearm.  *See* 18 U.S.C. § 922(g)(1).

4

as well as his previous criminal history: one juvenile adjudication and five adult criminal convictions. Browning's convictions include three felony robberies in the second degree as well as one misdemeanor assault in the third degree with intent to cause physical injury and an additional misdemeanor offense for acting in a manner injurious to a child under 17.[2] As a result, Browning, who was 25 at the time of the instant offense, had a Criminal History of Category V under the United States Sentencing Guidelines ("Guidelines"). Probation calculated the applicable Guidelines imprisonment range to be 110 to 137 months and the Guidelines supervised release range to be one to three years.

Probation recommended a special condition of supervised release that would authorize searches of Browning, his property, and his electronic devices and communications, upon reasonable suspicion that the searched area would contain evidence of a supervision violation. Although a brief addendum to the PSR reflects that Browning raised an objection to biographical information in the PSR (which was thereafter amended), he did not object to the special condition in his sentencing submission.

---

[2] Browning, who often acted in concert with others in committing his violent crimes, had also garnered disciplinary infractions for violence while in state prison. In addition, he was under supervision at the time of the instant offense.

At sentencing, the district court confirmed that there were no further objections to the PSR. The district court then adopted the PSR with the addendum. Near the start of the sentencing proceeding, the district court made clear that it was considering a variance of 38 months from the bottom of the Guidelines range for reasons that included Browning's "violent and traumatic childhood," "long-standing mental health issues," history of drug use, and impaired intellectual functioning. App'x at 60-61. The district court stated that a sentence reflecting this variance, in its estimation, would be "sufficient but not greater than necessary to reflect the seriousness of the crime, which is very serious," "[t]o promote respect for the law, and to provide just punishment." *Id*. at 61. The district court also stressed that the contemplated sentence would "provide specific deterrence to Mr. Browning who has a, for whatever reason, a history of violent crime," and that it would "protect the public also from future crime by Mr. Browning and promote rehabilitation." *Id*. After hearing from Browning and making clear its assessment of "the particular facts of this case" in light of the sentencing factors in 18 U.S.C. § 3553(a), the district court concluded that a term of 72 months' imprisonment was warranted, to be followed by a three-year term of supervised release. *Id.* at 66.

6

The district court also indicated that it was inclined to impose a special condition of supervised release authorizing searches upon reasonable suspicion. The district court explained: "The reason for that special condition is the existence of a gun in this case.   Absent that, there would probably be no reason."   *Id.* at 67. Browning then objected to the portion of the condition pertaining to electronics for the first time, noting that "[t]here's nothing in this case that involves any so[r]t of electronic devices or data," to which the district court responded, "I'll note the objection, but it's staying."   *Id.*

Browning's defense counsel renewed the objection shortly thereafter, asserting, "I don't believe that there are any reasons here that would support the electronic search condition."   *Id.* at 68.   The Government argued in response that an electronic search condition was appropriate because "in order to facilitate the procurement of firearms, like the defendant had in this case, they're generally procured not by going to a gun shop but by communicating through text message or by cell phone with street dealers or other dealers."[3]   *Id.*   Browning countered that there was "no evidence that this is actually the case here" and that the

_____

[3]   The district court made clear that this argument had also been discussed during Johnson's sentencing hearing.

7

Government's argument was the "type of generality that would be applicable in literally any 922(g) or other case involving a firearm." *Id.* Having considered both arguments, the district court overruled the objection and imposed the following special condition of supervised release:

> The defendant shall submit his person, property, house, residence, vehicle, papers, other electronic communications to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

*Id.* at 101.[4]

Browning timely appealed.[5]

## II. DISCUSSION

On appeal, Browning challenges the electronic portion of his search condition because it is both procedurally and substantively unreasonable. As a

---

[4] This language, read aloud by the district court, varied slightly from the language recommended in the PSR. The parties do not argue that the difference in language is relevant to our inquiry, and Browning says that the condition "cover[s] all his 'electronic communications' from any device." Appellant's Br. at 11 (quoting App'x at 66).

[5] The Government initially moved to dismiss the appeal on the ground that Browning signed an appeal waiver, but it later withdrew this motion.

procedural matter, he argues principally that this Court should strike the condition because the district court failed to conduct an individualized assessment and adequately state on the record its reasons for imposing the electronic search condition. Browning contends that the district court's asserted procedural error is not harmless because its reasoning for imposing the search condition in this case is not self-evident in the record. Finally, as a substantive matter, Browning argues that the electronic search condition "implicate[s] significant constitutional rights" and must accordingly be narrowly tailored and confined to cases in which a criminal defendant has used electronic devices in the commission of crimes. Appellant's Br. at 8, 12. We disagree as to all these propositions.

The Supreme Court "has established that an appellate court must review a criminal sentence deferentially," and our court "lack[s] authority to simply second-guess the wisdom of a district court's sentencing decision." *United States v. DeJesus*, 2026 WL 2066041 at *6 (2d Cir. 2026) (first citing *Gall v. United States*, 552 U.S. 38, 41 (2007); and then citing *United States v. Lawrence*, 139 F.4th 115, 121 (2d Cir. 2025)). This applies to all aspects of the sentence, including special conditions of supervised release. We review such conditions "for procedural and substantive reasonableness under an abuse of discretion standard," reserving *de*

9

*novo* review for issues of law. *United States v. Jimenez*, 175 F.4th 341, 349 (2d Cir. 2026). As we have said before, this is "a particularly deferential form of abuse-of-discretion review." *United States v. Davis*, 82 F.4th 190, 195 (2d Cir. 2023) (quoting *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012)).

As a substantive matter, district courts have "'wide latitude'" to impose special conditions of supervision as they "deem[ ] appropriate." *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (quoting *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008)). Within broad parameters—that special conditions should "serve the non-retributive purposes of sentencing and 'involve[] no greater deprivation of liberty than is reasonably necessary' to effect those purposes," *see United States v. Harris*, 164 F.4th 181, 194 (2d Cir. 2026) (quoting 18 U.S.C. § 3583(d)(2)); that conditions be consistent with pertinent policy statements issued by the Sentencing Commission, *see* 18 U.S.C. § 3583(d)(3); and that they be reasonably related to any one or more of § 3553(a)'s relevant sentencing factors, *see* U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 5D1.3(b) (U.S. Sent'g Comm'n 2025)—it is up to district courts, charged with the responsibility of supervision and best situated to understand what is required, to set the terms, *see United States v. Bullock*, 152 F.4th 108, 121 (2d Cir. 2025) (noting "wide latitude" afforded district

10

courts in imposing conditions of supervised release (citation omitted)); *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025) (same).

The imposition of a special condition of supervised release must also be procedurally reasonable. This requirement is satisfied when the district court "'make[s] an individualized assessment' and 'state[s] on the record the reason for imposing [the condition].'" *DeJesus*, 2026 WL 2066041 at *7 (quoting *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018)). And even when a district court has omitted to do so, "[w]hen the reason for a special condition 'is self-evident in the record . . . and the condition[] meet[s] the purposes of supervised release,' any error in this respect is harmless," and we may uphold the condition. *United States v. Robinson*, 134 F.4th 104, 111 (2d Cir. 2025) (alterations in original) (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)).

Browning's principal argument on appeal is that the imposition of the electronic search condition was procedurally unreasonable on the theory that "[t]he only reason provided for the condition" by the district court "was 'the existence of a gun in this case.'" Appellant's Br. at 9 (quoting App'x at 67). Browning argues that this explanation was neither sufficiently individualized nor adequate to show a reasonable relation between the condition and a relevant

11

§ 3553(a) sentencing factor.   We disagree.

At the start, we do not read the sentencing transcript in isolation.   Here, the district court followed the PSR's recommendation of a search condition.   *See* App'x at 48.   This case is thus analogous to *United States v. Lawrence*, a case in which the district court at sentencing directed the parties' attention to the PSR and its recommended special conditions, stated that these conditions "seem[ed] appropriate," and then imposed a condition permitting Probation, during the period of supervised release, to conduct searches, including electronic searches, based on reasonable suspicion.   139 F.4th at 121 (alteration in original).   We recognized there that "[w]hen a court adopts recommendations in the PSR, it satisfies its obligation to make findings as long as the PSR 'state[s] enough facts to permit meaningful appellate review.'"   *Id.* (second alteration in original) (quoting *United States v. Rainford*, 110 F.4th 455, 476 (2d Cir. 2024)).   We noted in *Lawrence* that "[a]dopting the PSR also states the court's reasons in open court because the PSR provides the grounds for the sentence imposed."   *Id.*; *see also United States v. Bryant*, 976 F.3d 165, 184 (2d Cir. 2020) (assessing procedural reasonableness in imposing a condition of supervised release based on "[t]he district court's comments, as well as the PSR's . . . justifications for the application of [the]

condition"). After considering the PSR in light of the district court's brief explanation, we concluded in *Lawrence* that the district court had satisfied its "obligation to make an individualized assessment and state on the record the reason for imposing the search condition." 139 F.4th at 124.

Here, Browning's PSR contains an extended discussion of his offense conduct, criminal history, and personal background. As in *Lawrence*, the PSR thus "described [Browning's] background and offense conduct, which were 'case-specific reasons,' that offered 'precisely the type of individualized assessment our precedent requires.'" *Id.* at 124 n.8 (quoting *United States v. Poole*, 133 F.4th 205, 212 (2d Cir. 2025)). "To be sure, the PSR did not discuss why [Browning's] criminal history called for a search condition in particular," or why the condition should include electronics. *Id*. at 124. But as we said in *Lawrence*, "the explanation for a special condition need not be so precise." *Id*. (citing *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023)).

The sentencing transcript also belies Browning's claim that the imposition of the electronic search condition in this case was procedurally unreasonable. In assessing the reasonableness of the imposition of a special condition of supervised release, we read the sentencing transcript as a whole. And a district court

13

"generally need not articulate separate reasons for imposing every single special condition where it has already explained the overall reasons for its sentencing decision." *United States v. Thompson*, 143 F.4th 169, 178 (2d Cir. 2025); *accord Harris*, 164 F.4th at 195. Here, the district court in discussing its contemplated variance made clear its individualized consideration of Browning's situation, including not only his troubled childhood but also his history of violent assault. Even as the district court considered a variance from the bottom end of the Guidelines range to take account of Browning's traumatic past, it referenced his criminal history, citing the imperatives of specific deterrence and protection of the public in fashioning the sentence, given that Browning "has a, for whatever reason, a history of violent crime." App'x at 61.

Relying principally on *United States v. Oliveras*, 96 F.4th 298 (2d Cir. 2024), Browning argues that the district court's consideration of the special condition was not individualized because the district court cited a supposedly across-the-board, nonspecific reason for imposing the condition: namely, "the existence of a gun in this case." Appellant's Br. at 9-11 (citing App'x at 67). We disagree. *Oliveras* involved a "highly intrusive *suspicionless* search condition," 96 F.4th at 315 (emphasis added), in the context of a sentencing proceeding in which the district

judge expressed the view that placing a reasonable suspicion limitation on the authority to search was categorically inappropriate "given [the court's] view regarding the nature of supervised release," *id.* at 303.[6]  We concluded in *Oliveras* that a suspicionless search condition could well be appropriate in some cases, but that the district court had committed procedural error by not considering the *defendant* in its decision to impose such an unusually intrusive condition.  *Id.* at 314-15.  In contrast, the district court here clearly considered the defendant in determining that a search condition *based on reasonable suspicion* was properly imposed.  This case is not *Oliveras*.

As to the reasons for the search condition here, the district court specifically cited Browning's use of a gun in his most recent offense, indicating that while the condition might not otherwise have been necessary, the gun tipped the balance. There was no need to say more.  As *Lawrence* instructs, "[t]he specific obligation to state on the record the reason for imposing a special condition is merely a subset of the broader requirement to 'state in open court the reasons for . . . the particular sentence' . . . [a]nd that requirement leaves the 'appropriateness of brevity or

---

[6]    The district court in *Oliveras* maintained that reasonable suspicion should simply "not be required for a probation officer to search a defendant on supervised release," particularly in drug cases.  96 F.4th at 304.

length' to 'the judge's own professional judgment.'" 139 F.4th at 124 (first quoting 18 U.S.C. § 3553(c); and then quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). We discern no procedural error in this case, and conclude that the district court fully satisfied its obligation to make an individualized assessment and state on the record the reason for imposing the special condition.

Finally, we note that even if the district court *had* erred procedurally—and we hold that it did not—we would still affirm as to the search condition here because "the district court's reasoning is 'self-evident in the record,'" *see Betts*, 886 F.3d at 202 (quoting *Balon*, 384 F.3d at 41 n.1).

At the time of the instant offense, Browning was twenty-five and had a history of violent crime, including five convictions for robbery, assault, and child endangerment. In this case, he brandished a firearm during a robbery. Given Browning's history of recidivism, the need for specific deterrence, and the threat to public safety, each referenced by the district court, it is self-evident that the district court concluded the electronic search condition was "necessary for ensuring the effectiveness of supervision."[7] *Robinson*, 134 F.4th at 112.

Browning's argument to the contrary conflates procedural and substantive

---

[7] Browning briefly suggests that if we reject his argument that the electronic

16

reasonableness at every turn. For example, he argues that the electronic search condition here "implicate[s] significant constitutional rights" and "curtail[s] significant privacy interests," supposedly requiring narrow tailoring and a more robust justification than provided by the district court. Appellant's Br. at 8, 12. But when a condition of supervised release implicates a constitutional right in an unusual and severe manner, this goes to the *substantive* reasonableness of that condition; it "does not affect the procedural reasonableness of the court's explanation."[8] *Lawrence*, 139 F.4th at 123 n.6; *see also United States v. Eaglin*, 913

---

search condition should be set aside, we should limit the breadth of the condition to situations in which Probation has "reasonable suspicion that [he] has obtained a gun." Appellant's Br. at 14. We disagree. The search condition here "operates as an important means for enforcing the court's other conditions and enabling the detection of evidence of supervised release violations." *Robinson*, 134 F.4th at 112. And it is district courts, "who are on the front lines working with released defendants," who have "broad discretion to determine how best to monitor [a supervisee's] adherence to conditions of release." *Thompson*, 143 F.4th at 180. We will not second-guess the exercise of that discretion.

[8] Along similar lines, whether a sentencing condition is substantively reasonable is also a different inquiry from whether the reasons for the condition are self-evident in the record, which addresses the harmlessness of a procedural error. When reasoning for a condition is self-evident in the record, it is manifest why the district court imposed the condition. *See Betts*, 886 F.3d at 202 (quoting *Balon*, 384 F.3d at 41 n.1). The substantive reasonableness inquiry, in contrast, asks whether "the district court's exercise of its discretion can be 'located within the range of permissible decisions.'" *Kunz*, 68 F.4th at 759 (quoting *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015)). A condition can be substantively reasonable even when the reasoning for the condition is not self-evident in the record. Indeed, it is "the proverbial 'rare case'" where a sentencing condition—including an electronic search condition—is substantively unreasonable.

17

F.3d 88, 95 (2d Cir. 2019). We therefore turn to the substantive reasonableness of the search condition.

As we said in *Lawrence* (where a substantive unreasonableness claim was made and rejected), narrow tailoring is required only when a special condition of supervised release "implicates a fundamental liberty interest." 139 F.4th at 125 (quoting *United States v. Myers*, 426 F.3d 117, 126 (2d Cir. 2005)). A search condition, as here, "that requires reasonable suspicion does not implicate such a fundamental interest because 'an offender on supervised release has a diminished expectation of privacy that is inherent in the very term 'supervised release.'" *Id*. (quoting *Lewis*, 125 F.4th at 77) (emphasis removed); *accord Thompson,* 143 F.4th at 180. This is true even when the search condition includes electronics. *Lawrence*, 139 F.4th at 125*.* And as we have said before, such search conditions "'do not constitute a greater deprivation than reasonably necessary *because* they require reasonable suspicion.'" *Thompson*, 143 F.4th at 180 (quoting *Oliveras*, 96 F.4th at 315). We therefore reject any argument that Browning's search condition is substantively unreasonable because it is not narrowly tailored.

Browning next argues that "there's no evidence that [his] possession or use

---

*Lawrence*, 139 F.4th at 121 (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

of the gun" in his crime of conviction "was in any way related to an electronic device or communication" and that this Court has approved electronic search conditions only when the defendant's criminal conduct has involved the use of computers or other electronic devices. Appellant's Br. at 12. Browning misreads our precedents. Of course, "where electronic devices were instrumentalized in the commission of the instant offense conduct and surrounding circumstances, we have regularly held that an electronic search condition is permissible." *Jimenez*, 175 F.4th at 351; *see also United States v. McCrone*, 2026 WL 2090637 at *4 (2d Cir. July 21, 2026) (upholding electronic search condition where defendants "both used electronic devices to facilitate their offenses"). But "we have never held that an electronic search term would only be appropriate in those circumstances." *Robinson*, 134 F.4th at 112 (holding that reasoning for electronic search condition was self-evident in the record despite lack of any indication of use of electronic devices in past offense given, *inter alia*, defendant's history of recidivism); *see also Thompson*, 143 F.4th at 179-180 (following *Robinson*).

Again, as a substantive matter, "[a] special condition need not reasonably relate specifically to any particular § 3553(a) factor, including the offense conduct,

so long as there is a sufficient relationship between the special condition and at least one of the other factors." *DeJesus*, 2026 WL 2066041 at *7 (quoting *Sims*, 92 F.4th at 124). And these factors include not only the nature and circumstances of the offense, but, *inter alia*, the history and characteristics of the defendant, and the need for the sentence imposed to afford adequate deterrence and to protect the public from further crimes of the defendant. U.S.S.G. § 5D1.3(b). As we have said before:

> We know of no reason why a limited search condition would implicate a greater liberty interest because it reaches a supervisee's electronic devices in addition to his home and person . . . .
>
> We [thus] take this opportunity to emphasize again that a district court can reasonably conclude that such search conditions are "necessary for ensuring the effectiveness of supervision" and that "both electronic and non-electronic search conditions are often crucial" for doing so, even where the record does not indicate electronic devices were misused in the underlying crime of conviction or criminal history.

*Thompson*, 143 F.4th at 180 (citations omitted) (quoting *Robinson*, 134 F.4th at 112 & n.4). To be clear: There is no requirement that the defendant must have used electronic devices as part of the underlying offense for an electronic search condition to be substantively reasonable. That is because a search condition does "not need to have a direct relationship to [the defendant's] offense." *Lawrence*,

20

139 F.4th at 125. Browning does not question inclusion of his home (or his car, or other property) in the search condition, on the ground that he had not previously used his home (or his car, or other property) to commit his underlying offense. There is no basis to treat his electronic communications any more or less restrictively than those other areas, when it comes to his conditions of supervised release.

"[D]istrict courts possess broad discretion" in imposing conditions of supervised release. *Oliveras*, 96 F.4th at 313 (citing *Myers*, 426 F.3d at 124). And our case law is clear that in circumstances such as those presented in this case, the need both "to deter and [to] protect the public" constitutes a sufficient reason for imposing an electronic search condition based on reasonable suspicion. *United States v. Arguedas*, 134 F.4th 54, 70 (2d Cir. 2025). Such a condition "is reasonably related to the nature of the offense, and . . . serves the goals of adequate deterrence and protecting the public from further crimes of the defendant." *Id.*

Just as we will not second-guess the weight that a district court accords any of the purposes of sentencing set forth in applicable statutes when the court imposes a term of imprisonment, we will not second-guess the weight that it ascribes to such factors when it imposes conditions of supervised release.

21

Accordingly, we hold that the search condition imposed in this case—including its applicability to electronic devices—was substantively reasonable. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (noting that "appellate courts play an important but clearly secondary role in the process of determining an appropriate sentence"). "To strike such a condition here would improperly intrude upon the district court's broad discretion to determine how best to monitor [the defendant's] adherence to conditions of release and therefore impair the court's ability to enforce those conditions." *Thompson*, 143 F.4th at 180.

## III.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.